IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER LEE HUCKABEE,        )
                                 )
            Petitioner,          )
                                 )
    v.                           )     1:23CV841
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner housed at USP Hazelton, submitted a Letter seeking to have the Court comment on the record concerning the running of his sentence and to order the United States Bureau of Prisons to award Petitioner jail credits for time spent in custody prior to the commencement of his federal sentence. Where a petitioner attacks the execution and not the imposition of a sentence, his petition properly invokes 28 U.S.C. § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district

court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.... Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). For this reason, the Court treated Petitioner's Letter as a Petition under § 2241. However, Petitioner did not use the proper forms for such a petition, pay the filing fee, or submit an application to proceed *in forma pauperis*. Further, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). It appears that Petitioner is incarcerated in the Northern District of West Virginia. Accordingly, the Court should dismiss the current Petition without prejudice and Petitioner should seek the proper forms from the Clerk of that district and file any § 2241 petition there. The address for the Clerk is: 500 West Pike Street, Room 301, P.O. Box 2857, Clarksburg, WV 26302.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district.

This, the 11th day of October, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**